**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER C. COLAMECO** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **TransUnion LLC** | ) | |
| **Defendant** | ) | |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. Plaintiff Christopher Colameco brings this civil action for damages against Defendants TransUnion LLC, ("TUC"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

**THE PARTIES**

2. Christopher Colameco, is an adult individual residing in Philadelphia, PA.

3. Defendant TransUnion LLC , ("TUC"), is a Delaware corporation with a principal place of business in Chicago, where it can be served, at 555 W Adams StChicago, IL 60661, USA.

**JURISDICTION & VENUE**

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District

of Pennsylvania, and Defendant possesses sufficient contacts with this District to be deemed to reside in this District.

6. This Court has personal jurisdiction over the Defendant as it avails itself for business in geographic region of this Court, and is registered to do business in this Commonwealth, and as such subject to personal jurisdiction pursuant to holding in Mallory v. Norfolk Southern Railway Co., 600 U.S. 122 (2023).

**COUNT I- VIOLATION OF FAIR CREDIT REPORTING ACT**

7. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

8. TUC is a "consumer reporting agency" as that term is defined by the FCRA.15 U.S.C. §§ 1681a(f) & 1681a(u).

9. The credit reports sold by the Defendant are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

10. Defendant has failed to has been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history to third parties (the "inaccurate information"), including Consumer Financial Protection Bureau, ("CFPB"), as described more specifically below.

11. The inaccurate information negatively reflects upon Plaintiff, and Plaintiff' credit repayment history, Plaintiff's financial responsibility as debtors and Plaintiff's credit worthiness.

12. In December of 2025, Plaintiff filed an online dispute of an item on his TUC credit report, of late or missed mortgage payment in connection with his "AmeriHome Mortgage", and should be removed. True and correct redacted Copy of the Dispute filed, as Exhibit A.

16. As a result of the dispute another Credit Reporting Agency ("CRA"), Equifax, eventually

removed the item from Plaintiff's Experian credit report, while TUC continues to report the item. See true and correct excerpts from TUC report attached as Exhibit B. (p.1-3,p.5).

17. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown, as well as falsely responding to the Consumer Financial Protection Bureau ("CFPB"), complaint, incident to Plaintiff's report thereto, that they have removed such derogatory information from the report, as means of avoiding further scrutiny, when that is not the case. Id. p.4.

18. Defendant TUC, further violated the Act when it failed to conduct a reasonable investigation of Plaintiffs' dispute, *inter alia*, by: failing to remove derogatory item, while failing to conduct reasonable investigation of the dispute, supported by documented failure to respond to a method of verification request; by falsely reporting to the CFPB, that the said derogatory had been removed, when it had not been removed, falsely certifying a crucial fact in order to evade scrutiny. See Exhibit C, side by side contemporaries screen-shots of TUC response to CFPB that the negative item was removed and relevant portion of TUC report.

19. TUC response to the Plaintiff in support of alleged "removal" of the item, contained a broken link, the record of which has been documented and recorded by the Plaintiff and available in discovery.

20. Defendant failed to remove the derogatory item, upon dispute, as well as failed to provide a method of verification upon request pursuant to 15 U.S.C. § 1681i(a)(7)**,** by the time provided by law, or at all, in violation of the FCRA, and continues to report such derogatory information. See Certified Mailing Receipts and TUC report attached as Exhibit D.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants

and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

## PRAYER FOR RELIEF

Plaintiffs request judgment in their favor and against Defendants for damages to include statutory damages, actual damages, punitive damages, costs of this action, reasonable attorney's fees and such other relief that this Court deems proper.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully Submitted,

Predrag Filipovic, Esquire
**LAW OFFICES OF PREDRAG FILIPOVIC, ESQ**
230 S Broad st. Ste 36, Fl 16
Philadelphia, PA 19103
Tel: 267-265-0520
Email: PFesq@ifight4justice.com

Attorney for Plaintiff

Dated: September 9, 2026